1  Terrence Mazura (Bar No. 101075)
   *tmazura@euslaw.com*
2  Mazura Law Firm
   414 West Fourth Street, Suite A
3  Santa Ana, California 92701
   Tel: (714) 550-5011 Fax : (714) 716-8414
4
   Attorneys for the Plaintiff
5

FILED

2012 JUL 13  PM 2: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

6              UNITED STATES DISTRICT COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8
   MARY PICKFORD FOUNDATION,          CASE NO.  CV12-06070 PSG (DTBx)
9  a California non-profit corporation,
                                      COMPLAINT FOR VIOLATIONS OF
10                      Plaintiff,    THE ANTI-CYBERSQUATING AND
                                      CONSUMER PROTECTION ACT (15
11            vs.                     U.S.C. §1125(d); CALIFORNIA'S
                                      CYBERPIRACY STATUTE (B&P
12 TIMELINE FILMS, LLC, a limited     CODE §17525; AND DAMAGES FOR
   liability company; HUGH NEELY,     BREACH OF CONTRACT;
13                                    CONVERSION AND BREACH OF
                        Defendants.   FIDUCIARY DUTY.
14                                    DEMAND FOR JURY TRIAL

15
   Plaintiff, the Mary Pickford Foundation (the "Foundation"), brings this action
16
   against defendants and alleges as follows:
17
                      **JURISDICTION AND VENUE**
18
          1.      This is a complaint for injunction, money damages and other
19
   appropriate relief to stop defendants from holding the Foundation's
20
   "*marypickford.com*" domain name for ransom, and from violating the Foundation's

MAZURA LAW FIRM

1  trademark, service mark and other intellectual property rights by defendants'

2  registering and using the internet domain name "*marypickford.com*" in bad faith to

3  profit from the Foundation's marks and other rights in the "Mary Pickford" name.

4  The Foundation asserts violations of the Anti-Cybersquatting and Consumer

5  Protection Act, 15 U.S.C. § 1125(d); California Business & Professions Code §

6  17525 (Cyberpiracy); and for breach of contract, conversion and breach of

7  fiduciary duty under California law.

8      2.    This court has subject matter jurisdiction over the Foundation's

9  federal question claims pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1331 and

10  1338.  This court has supplemental jurisdiction of the state law claims pursuant to

11  28 U.S.C. §1367.

12      3.    Venue is proper pursuant to 28 U.S.C. § 1391. A substantial part of

13  the events or omissions giving rise to the claims occurred and are occurring in

14  Riverside County in the Central District.

15      4.    This court has personal jurisdiction over defendants, each of whom

16  resides in the Central District of California.

17

18  **PARTIES**

19      5.    Plaintiff, Mary Pickford Foundation, is a California non-profit

20  corporation with its principal place of business in Murrieta, California.

6.      Defendant, Timeline Films, LLC, ("Timeline") is a California limited liability company with its principal place of business in Los Angeles, California.

7.      Defendant Hugh Neely is an individual who resides in Los Angeles California, and is the managing and sole member of defendant Timeline.

## ALLEGATIONS COMMON TO ALL CLAIMS

8.      Plaintiff Mary Pickford Foundation was incorporated in 1958 as a not-for-profit, charitable vehicle by and for the actress, movie-maker and business woman known world-wide as America's Sweetheart, Mary Pickford.

9.      Mary Pickford was an international celebrity and one of the greatest film stars and Hollywood entrepreneurs of all time, and a great deal of goodwill was and still is associated with her name.  Mary Pickford died in 1979.

10.     Mary Pickford transferred all of the goodwill attached to her name, likeness and personality, including her rights of publicity to the plaintiff Foundation.  The Foundation is and has continuously been since 1979 the sole owner of Mary Pickford's post-mortem rights of publicity.

11.     In about February 1999, the Foundation entered into an oral contract with defendant Timeline (the "Agreement"), the essential terms of which were that the Foundation would pay money to Timeline and for that payment Timeline would prepare a simple website for the Foundation, obtain for the Foundation the

Mazura Law Firm

domain name "marypickford.com" (the "MPF Domain Name") and publish the website on the internet at the address represented by the MPF domain name. Timeline agreed with these terms and accepted payment from the Foundation.

12.     Pursuant to the Agreement, Timeline registered the MPF Domain Name in February 1999 with a qualified Internet Corporation for Assigned Names and Numbers registrar, and in that process listed the registrant/owner of the MPF domain name as "Timeline Films Pickford Library," which is, on information and belief, a fictitious name of defendants.

13.     Timeline and others also created the Foundation's four-page website pursuant to the Agreement and published the website as agreed.  A true and correct copy of the Foundation's website published at "marypickford.com" as it existed in about February 2001 is attached as Exhibit A.

14.     At the time of registration of the MPF Domain Name in 1999, the terms "Mary Pickford," "Mary Pickford Library" and "Mary Pickford Foundation" were used in interstate commerce by the Foundation as trademarks and service marks and such marks were, and still are, famous and distinctive. "Mary Pickford" is a registered trademark of the Foundation, No. 2415939.

15.     In June 2002, the Foundation, through its governing board members, created and incorporated the Mary Pickford Institute for Film Education ("MPI") on a trial basis with a goal, among others, of promoting  the Mary Pickford legacy

to the public.  In furtherance of that purpose, the Foundation permitted MPI to use the MPF Domain Name,  other marks and other property rights.

16.    In about March 2007, the Foundation licensed to MPI through a written "License Agreement" a spectrum of the Foundation's intellectual property rights, including the MPF Domain Name. On March 1, 2012 the written License Agreement with MPI terminated according to its terms, and thereby terminated the license of the MPF Domain Name to MPI.

17.    Defendants have, since the original registration in 1999, maintained ownership and registration of the MPF Domain Name under the fictitious name "Timeline Films Pickford Library."

18.    The Foundation has, since March 2012, made multiple written demands to both Timeline and Neely to provide the authorizing credentials to change the registrant and technical and administrative contact information of the MPF Domain Name to the Foundation so the Foundation could use and control the use of the MPF domain name, and otherwise exercise the Foundation's ownership rights.

19.    Defendants Timeline and Neely acknowledged the Foundation's demands as alleged in paragraph 18, but refused and continues to refuse to relinquish ownership and control of the MPF Domain Name or authorizing credentials to the Foundation.

20.     Instead of transferring the MPF Domain Name or providing the Foundation with authorizing credentials, Timeline and Neely used and continue to use the MPF Domain Name with a bad faith intent to profit by withholding the MPF Domain Name as ransom in an attempt to extract the Foundation's covenant not to sue them and other concessions in connection with unrelated matters.

**FIRST CLAIM FOR RELIEF**

**(Cybersquatting pursuant to 15 U.S.C. § 1125(d) against all defendants)**

21.     Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 20 above.

22.     Defendants have registered, trafficked in and used the MPF Domain Name with a bad faith intent to profit from the MPF Domain Name.

23.     The Foundation's trademarks, trade name and service marks were distinctive and famous at the time defendants registered the MPF Domain Name, and remain distinctive and famous today.

24.     The MPF Domain Name was dilutive of and identical to or confusingly similar to the Foundation's trademarks, trade name and service marks at the time the MPF Domain Name was registered, and remains so today.

25.     Defendants' registration, trafficking and use of the MPF Domain Name has caused and will continue to cause damage to the Foundation, in an

amount to be proved at trial, and is causing irreparable harm to the Foundation for which there is no adequate remedy at law.

26.     Defendants' conduct was and is knowing, willful and intentional, and the Foundation is entitled to attorneys' fees, statutory damages of $100,000, treble damages and transfer of the MPF Domain Name to the Foundation.

## SECOND CLAIM FOR RELIEF

**(Cyberpiracy pursuant to Cal. B & P. Code § 17525 against all defendants)**

27.     Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 26 above.

28.     Defendants have registered, trafficked in and used the MPF Domain Name with a bad faith intent.

29.     The MPF Domain Name was and is identical to or confusingly similar to the name of a deceased personality, Mary Pickford, the rights to which are owned by the Foundation and registered with the State of California in 1995 as File No. 1995-045.

30.     Defendants' trafficking and use of the MPF Domain Name is not connected to a work of authorship as defined by Cal. Bus. & Prof. Code §17525(b).

MAZURA LAW FIRM

Complaint                                                                 Page - 7

31.     Defendants' registration, trafficking and use of the MPF Domain Name has caused and will continue to cause damage to the Foundation, in an amount to be proved at trial, and is causing irreparable harm to the Foundation for which there is no adequate remedy at law.

32.     The Foundation is entitled to transfer of the MPF Domain Name to the Foundation pursuant to Cal. Bus. & Prof. Code § 17528.5.

### THIRD CLAIM FOR RELIEF

### (Breach of Oral Contract against Timeline)

33.     Plaintiff realleges and incorporates each and every allegation contained in paragraphs 1 through 20 above.

34.     The Foundation has performed all conditions and covenants required of it under the Agreement alleged above except those excused or prevented by the acts and omissions of defendant Timeline.

35.      Defendant Timeline has breached the Agreement by failing and refusing to deliver the MPF Domain Name to the Foundation as agreed.

36.     Timeline's breach of the Agreement has directly and proximately caused damage to the Foundation in an amount to be proved at trial.

1

**FOURTH CLAIM FOR RELIEF**

2

**(Conversion against all defendants)**

3         37.    Plaintiff realleges and incorporates each and every allegation

4    contained in paragraphs 1 through 20 above.

5         38.    Defendants have willfully interfered with and converted the MPF

6    Domain Name, without lawful justification, as a result of which the Foundation has

7    been deprived of possession and use of the MPF Domain Name.

8         39.    As a direct and proximate result of defendants' conversion, the

9    Foundation has been damaged in an amount to be proved at trial.

10        40.    The conduct of defendants was and is willful, malicious and done with

11   a conscious disregard of the Foundation's rights and justifies an award of punitive

12   and exemplary damages.

13

14

**FIFTH CLAIM FOR RELIEF**

15

**(Breach of Fiduciary Duty against all defendants)**

16        41.    Plaintiff realleges and incorporates each and every allegation

17   contained in paragraphs 1 through 20 above.

18        42.    As a result of and in connection with performance of the Agreement,

19   an agency relationship was created between the Foundation, as principal, and

20

MAZURA LAW FIRM

Complaint                                                              Page - 9

Timeline and Neely as agents, whereby the agents were charged with registering the MPF Domain Name on behalf of the Foundation and were paid to do so.

43.     Instead of registering the MPF domain name with the Foundation as the owner, the defendants, using a fictitious name, registered the MPF Domain Name to themselves.

44.     By the defendant agents' act of registering the MPF Domain Name to themselves, they became trustees of the MPF Domain Name for the benefit of the Foundation.

45.     Defendants' refusal to transfer ownership of the MPF Domain Name to the Foundation constitutes a fraud against the Foundation, a breach of defendants' fiduciary duties and trustee duties owed to the Foundation.

46.     As a direct and proximate result of defendants' fraud and breach of fiduciary and trustee duties, the Foundation has been damaged in an amount according to proof.

47.     The conduct of defendants was and is willful, malicious and done with a conscious disregard of the Foundation's rights and justifies an award of punitive and exemplary damages.

WHEREFORE, the Foundation respectfully requests that the court enter judgment against defendants, and each of them, as follows:

MAZURA LAW FIRM

A.   That the Court issue temporary, preliminary and permanent injunctive relief against defendants, and that defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with defendants, be enjoined and restrained from using the MPF domain name;

B.   That the court order transfer of the MPF domain name to the Foundation;

C.   That the Court award the Foundation compensatory damages and disgorgement of defendants' profits in an amount according to proof, or, in the alternative, statutory damages of $100,000 pursuant to 15 U.S.C. § 1117(d);

D.   That the Court award the Foundation treble damages pursuant to section 35(a) of the Lanham Act;

E.   That the Court award the Foundation punitive damages;

F.   That the Court award the Foundation costs and reasonable attorneys' fees; and

/ / /

/ / /

/ / /

/ / /

1        G.  That the Court award the Foundation such other and further relief that

2   is just and proper.

3

4                               Respectfully submitted,

5   Date:  July 13, 2012            Mazura Law Firm

6

7

8                               Terrence A. Mazura,
                            Attorney for Plaintiffs

9

10

11   ## DEMAND FOR JURY TRIAL

12        Pursuant to the Seventh Amendment to the U.S Constitution, Rule 38(b) of

13   the Federal Rules of Civil Procedure and Central District of California Local Rule

14   38-2, Plaintiff hereby demands a trial by jury of any issues triable of right by a

15   jury.

16   Dated: July 13, 2012           Mazura Law Firm

17

18                     By:

19                     Terrence Mazura

20

complaint_mpfvtimeline_rev5

MAZURA LAW FIRM

EXHIBIT  A

Pickford Web Site 2/2001  HOME PAGE



MPF Page



MP Library 10/2001

**Mary Pickford Foundation**

**Mary Pickford Library**
Filmography
Photo Gallery
Vault List
What's available

**Mary Pickford Biography**



The MARY PICKFORD LIBRARY is a fully
operational library containing photographs,
documents, information and VHS screeners
of what is available from Mary Pickford's
film collection. We work very closely with
the Margaret Herrick Library, where a large
portion of Mary Pickford's photographic
collection is housed. The Mary Pickford
Library is continuously conducting research
all over the world in all film archives in
search of any existing elements on Mary
Pickford's films and documents. Money
raised from the licensing of materials in
the library go to restore Mary Pickford's
films. The library provides presentations
on Mary Pickford at various events and
Universities.

All lectures are accompanied with
footage from the library. Elaina Archer
is the Manager of the Mary Pickford
library, and she is available Monday
through Friday from 9:00 AM
to 5:00 PM for any questions
regarding the library, and to
assist with any requests for materials.
Please contact her for an appointment.

*filmography*
*photo gallery*
*vault list*
*what's available*

Mary Pickford Foundation
2801 Ocean Park Blvd.
Santa Monica, CA 90045
Toll Free: 877.994.MARY
Fax: 310.268.9480

Contact: Keith Lawrence
Chief Financial Officer and
Secretary
Tel: 310.268.0399

Mary Pickford Library
11819 Wilshire Blvd.
Suite 205
Los Angeles, CA. 90025
Tel: 310.268.0399
Fax: 310.268.9480

Contact: Elaina Archer
Library Manager
Tel: 310.268.0399

click here to get **home**

Pickford Biography



**Mary Pickford Foundation** | **Mary Pickford Library** | **Mary Pickford Biography**

From a very early age, MARY PICKFORD was determined to become a success. If she set her mind on something, Mary would not give up until she was in the door, and had the chance to prove herself. Whether she was surprising Toronto audiences at the age of five, auditioning for David Belasco, or convincing D.W. Griffith that she was worth more than any of the other stock performers in his Biograph Company, Mary believed in her ability to overcome all obstacles.

Her ambition may have stemmed from a need to survive in troubled times, but her innate talent is what made Mary Pickford one of the most incredible performers on screen, and her head for business made her one of the greatest perfectionists in the history of film. Please contact Elaina Archer at the Mary Pickford library for more information.

**Mary Pickford Bio**

Mary Pickford Foundation
2801 Ocean Park Blvd.
Santa Monica, CA 90045
Toll Free: 877.994. MARY
Fax: 310.268.9480

Contact: Keith Lawrence
Chief Financial Officer and
Secretary
Tel: 310.268.1981

Mary Pickford Library
11819 Wilshire Blvd.
Suite 205
Los Angeles, CA 90025
Tel: 310.268.0399
Fax: 310.268.9480

Contact: Elaina Archer
Library Manager
Tel: 310.268.0399

click here to get **home**

Copyright© 2000 Timeline Films, Inc.
Comments to webmaster: **JUXTAWEB**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is David T. Bristow.

The case number on all documents filed with the Court should read as follows:

## CV12- 6070 PSG (DTBx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Terrence Mazura (Bar No. 101075)
414 West Fourth Street, Suite A
Santa Ana, CA 92701
Telephone: (714) 550-5011

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY PICKFORD FOUNDATION, a California non-profit corporation,<br><br>PLAINTIFF(S)<br>v.<br>TIMELINE FILMS, LLC, a limited liability company; HUGH NEELY,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV12 - 06070 PSG (DTBx)**<br><br><br><br>**SUMMONS** |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Terrence Mazura_____, whose address is _414 West 4th Steet, Ste A, Santa Ana, CA 92701_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **JUL 13 2012**

By: _____
**DODJIE LAGMAN**
Deputy Clerk

*(Seal of the Court)*

1225

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) <br> MARY PICKFORD FOUNDATION, a California non-profit corporation | DEFENDANTS <br> TIMELINE FILMS, LLC, a limited liability company; HUGH NEELY |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> Mazura Law Firm, Terrence Mazura <br> 414 West Fourth Street, Ste A, Santa Ana, CA 92701 <br> 714-550-5011 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☑ No        ☑ **MONEY DEMANDED IN COMPLAINT:** $ 100,000 or according to proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS <br> PERSONAL INJURY | TORTS <br> PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | PERSONAL PROPERTY | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV12 – 06070 PSG (DTBx)

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Mary Pickford Foundation - Riverside County | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| TIMELINE FILMS, LLC, a limited liability company Los Angeles<br>HUGH NEELY - Los Angeles | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Lanham Act (1125(d)) - Riverside County<br>Breach of Contract and other state law claims - Riverside County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _____   Date 7/13/2012

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |